Porter, J.
delivered the opinion of the court. In this case, there is neither statement of facts, bill of exceptions, special verdict, nor certificate of the judge, that the record contains all the matters on which the case was tried in the first instance. But the garnishees insist, that there are sufficient errors appearing in the proceedings, as sent up here, to authorise the court to reverse the judgment given against them.
The errors they allege to be,
1. That by their answer to the interrogatories propounded them, they had shewn that there was not either credits or effects of the absent debtor in their hands; and,
2. That if testimony was introduced to contradict the answers filed by them, they should have had notice of the time when that testimony was to be taken. And, that this notice does not appear to have been given therein.
To authorise judgment against the garnishees, the record must shew, either that their answers to the interrogatories justify it, or that they were legally notified that these answers would be disproved by testimony.
*272 This cause has taken a singular course, as the persons against whom judgment has been rendered as garnishees, are not those on whom the attachment was served. The correctness of this might be well doubted, if they had not voluntarily come before the court, and made themselves parties to the proceedings carried on against others.
The petition alleges, credits and effects of the absent debtor, within the jurisdiction of the court, and particularly in the hands of R. Dyson and Robertson and Palmer.
The sheriff returns the attachment levied on the goods, credits, effects, &c. of Wright, the debtor, in the hands of Robert Dyson; and Robertson and Palmer.
Robertson and Palmer discharge themselves, by their answer to the interrogatories.
George Dyson, attorney in fact, for Robert Dyson, the person in whose hands the credits and effects of the absent debtor had been attached, swears, that he has nothing belonging to him in his possession; but, that property to the amount of $ 800 was put into the hands of the late M'Millan and Dyson, by a person named Walker, which he has since understood, belonged to J. Wright; and that there may *273 be under his controul, of said property, about eight hundred dollars.
Next, M‘Millan and Dyson, a co-partnership, already dissolved, appear, by a Mr. Sloane, their attorney in fact, to make an amended answer. He swears, that prior to levying the attachment, the balance in the hands of M'Millan and Dyson, due one Walker, in which he understood Wright, the defendant, had an interest, was already passed to the credit of Robertson and Palmer.
Judgment has been rendered in the district court against M‘Millan and Dyson, garnishees of Wright, the absent debtor, and, we think, erroneously. The answer of Sloane, their attorney in fact, shews, that at the time the attachment was levied, they had no property, credits, or effects of the defendant’s in their hands, and this want of proof in the answer, cannot be supplied by what is sworn to by George Dyson, who is attorney in fact, for another person, viz. Robert Dyson.
If, as is most probable, testimony was received in the court below, to disprove the answer filed, and judgment was given against the garnishee on that testimony, notice to him of the intention to do so, should have *274 been given as the law requires; and the fact that it was thus given, ought to appear on record; otherwise, this court would appear to sanction proceedings, by which, persons so situated, might be ruined by ex parte examinations.
Carleton for the plaintiff, Smith for the garnishees.
It is therefore ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided, and reversed, and that the cause be remanded for a new trial, with directions to the district judge, not to hear any testimony to contradict the answers filed by the appellants, M‘Millan and Dyson, until it shall be made appear by the plaintiff, that reasonable notice has been given them, that testimony would be offered to disprove the facts sworn to in their answers. It is further ordered, adjudged, and decreed, that the plaintiff and appellee pay the costs of this appeal.