## TABOR vs. JOHNSON & AL.

The district court is not whollydeprived of jurisdiction, *ratione materiae* in suits for the recovery of debts against a succession.

APPEAL from the court of the third district.

MATHEWS, J. delivered the opinion of the court. This suit was instituted to enjoin proceedings in execution on twelve months bonds, given for the price of property which had previously been sold under execution, and to have said bonds decreed to be null and void. An injunction was granted by the court below, which was afterwards set aside, and judgment rendered in favor of the defendants, from which the plaintiff appealed.

The facts of the case, as exhibited by the record, show that a judgment had been obtained against the tutor of minor children, was executed by seizing and selling property belonging to the succession of their father,

part of which was purchased by the plaintiff in

the present suit at a credit of twelve months, and the payment of the price secured by bonds, which he now seeks to have annulled, on account of the alleged nullity of the judgment rendered against the tutor and minors, in consequence of incompetency in the court which rendered said judgment; the whole proceedings having taken place in the district court.

The counsel for the appellant insists.

1. That the district court was wholly without jurisdiction *ratione materiæ* in the case which was prosecuted against the tutor and minor heirs, &c.

2. The judgment pronounced in that case is absolutely null and void, in consequence of such want of jurisdiction.

3. That it is not necessary to appeal from judgments absolutely void, in order to have such nullities decreed, &c.

4. The judgment being thus void, all subsequent proceedings of execution, seizure and sale of property under it are also void and consequently, the appellant's bond given for the price of the property, is a mere nullity. There are some other points relied on by the appellant, which, from the investigation, we are

TABOR
vs.
JOHNSTON&AL.

about to give to the subject, need not be examined.

Notwithstanding the principle which seem to be established, by some of the expressions this court in the case of *Vignaud* vs. *Tonnacourt's Curator;* (as reported in 12 *Martin*, 291,) after much reflection on the present case, we are inclined to think that district courts are not wholly deprived of jurisdiction *ratione materiae* in suits which relate to the enforcement of payment of debts due from a succession, to creditors under contracts with the deceased.

It may be assumed, as undeniable, that the district courts are tribunals of general jurisdiction, that they have, by their constitution, power to decide on all disputes brought before them, which relate to the affairs of the citizens of the state; either as it regards their persons or property. This unlimited power to hear and determine in all cases, can be lessened, altered, and taken way, or rendered concurrent with other courts of the state, only by legislative authority in the enactment of laws, which deprive the courts of general jurisdiction, of part of their power, and transfer it to others, either in relation to the persons of suitors or the subject matter of litigation.

East'n. District.
June 1825.

TABOR
vs.
JOHNSTON&AL.

We believe it may be safely asserted, that on the change of government, from its situation under the late territory, to that which it now holds under the power of the state, all the judicial authority which the old superior court had was transferred to the present district courts, with the exception, that judgments rendered by the latter are not final, but may be appealed from.

The power of the late superior court extended to every subject of litigation, except those which were exclusively transferred by the territorial legislature to inferior courts created by its authority. Amongst others thus created; in 1805, courts of probates were established by giving that species of jurisdiction to the judges of the different county courts; their authority was limited to "receiving and taking proof of wills, granting letters testamentary, and letters of administration, also directing and approving appraisements," &c. The same powers were transferred to the parish courts after their institution in 1807. According to these grants of power, the jurisdiction of the superior court, in relation to claims against a succession arising out of contracts made by the testator or intestate, was not in any manner

lessened or impaired, either expressly or im-
pliedly. Thus stood matters with regard to
the jurisdiction of the courts of probates and
those of common and general jurisdiction un-
til the adoption of our civil code, in 1808.

We must now enquire how its provisions af-
fected the powers of those two courts.

In the case cited from 12 *Martin*, an explicit
opinion has been expressed that the court of
probates is the proper tribunal to take cogni-
zance of claims against a vacant succession.
This opinion is founded on several articles of
the code defining the powers and duty of that
species of court, which by necessary implica-
tion confer that kind of jurisdiction. Admit-
ting that in relation to a vacant succession, a
court of probates has exclusive jurisdiction, it
does not follow as a necessary conclusion that
the district court are deprived of it absolutely
*ratione materiæ*, but only on account of the pe-
culiar situation of the thing, and of the persons
who represent such successions. If inheritan-
ces accepted with the benefit of an inventory,
whether the heirs be of full age or minors, must
be administered in pursuance of the rules es-
tablished for vacant successions, with the ne-
cessary exceptions consequent on the different

situations of these various species of estates;
we are necessarily led to the same conclusion
in relation to the court, which ought regularly
to take cognizance of all matters appertaining
to the settlement of successions which are inven-
toried, appraised and sold, and that is the
court wherein all these things are ordered to
be done, and to which the law has given the
power of determining the manner in which the
debts of the deceased are to be paid, and de-
creeing partition of property amongst the heirs.
The provisions of the code on the subject of
vacant estates, and those accepted by heirs of
the age of majority, under an inventory, seem to
require that they should be administered in a
manner analogous to that ordered for the ad-
ministration of the estates of insolvents. In
cases of the latter description, all suits and
claims against the bankrupt are required by
law to be cumulated before the court which
holds cognizance of the *concurso*, which may be
any of ordinary and competent jurisdiction to
the extent of the matter in dispute.

Pursuing the principle established by law
for the settlement and distribution of an insol-
vent's property, our code impliedly requires all
the creditors of a succession vacant or accept-

East'n. District.
June 1825.

TABOR
vs.
JOHNSTON&AL.

ed with an inventory, to concur before that court which directs the inventory and sale of property, and possesses the power of classing and ordering payment of the debts. *Civ. Code*, 177, *art.* 108 & 168, *art.* 136 & 137.

In relation to the administration of the estates of minors by their tutors, the code is silent, as to the manner in which the debts of successions are to be paid; according to its provisions, it was the duty of a tutor to cause the whole of the property to be sold, after inventory and appraisment. This power to sell received some limitations and restrictions by an act of the legislature passed in 1814, which last law still left a right to sell for the payment of debts; but is also silent as to the manner in which such payments may be enforced. As the estate is administered under an inventory, perhaps the same rules ought to prevail which govern in cases of beneficiary heirs, and all creditors should appear before the court of probates to demand payment of their claims. This mode would be certainly correct on a suggestion of insolvency of the succession.

Admitting that the rules of the code shew an evident intention in the legislature to give exclusive jurisdiction to the courtr of probates

in all matters relating to successions, it is believed that they were not constituted with powers sufficiently ample to carry into complete effect that intention; because these courts had no authority to call a jury to their aid in the administration of justice; and the ordinance of congress of 1785, which was extended to the territory of Orleans, secured to its citizens the trial by jury. See 2d art. of said ordinance. The right secured, to have this mode of trial, being in general terms extended to all contests which related either to the persons or property of the citizens, could not have been taken away by the territorial legislature, either by express enactment or by any construction given to these laws.

Under such regulations, the creditors of a succession and the persons administering it, had a right to claim a jury to decide any contested fact, and therefore the court of probates was inadequate to maintain exclusive jurisdiction. Our state constitution does not secure the right of trial by jury in civil cases; it limits that constitutional privilege to criminal accusations. Since the change of government the courts of probates have perhaps been possessed of powers sufficient to carry into effect, to the

full extent the apparent intention of the legislature as expressed in the civil code. There is a decision of this court to be found, 7 *Martin*, 274, wherein an opinion was expressed denying jurisdiction to the court of probates in a claim against a vacant succession, which is in direct opposition to the doctrine established by our judgment, in the case cited from 12 *Martin.*

The court, in the former case, did not take into consideration the increased power of courts of probates, produced by the change in the fundamental laws or constitution of the community. We believe the opinion in that case was erroneous, and that expressed in the last case to be correct, especially as it is subsequent to the act of the legislature of 1820, defining the jurisdiction of the courts of probates.

Taking for granted then the exclusiveness of the jurisdiction of these courts in relation to successions vacant, or claimed under benefit of an inventory, we deem it to be the duty of the other tribunals of the state, in all cases where the matters in litigation are more properly cognizable in the courts of probates, to send such causes before them, to the intent that all

persons interested in a succession, may have their claims investigated and decided on as in a *concurso de acreedores.*

Allowing to the courts of probates exclusive jurisdtction in causes which appertain to estates, administered by persons deriving authority from them, either directly or indirectly, a question then arises whether this exclusion of the courts of ordinary jurisdiction exists absolutely *ratione materiæ* or *ratione personæ?* We are inclined to think that the exclusive jurisdiction depends more on on the peculiar situation of the parties, than on the subject matter of dispute, perhaps somewhat on both. Debts due from a succession must necessarily originate in contracts or *quasi* contracts which existed between the creditors and the deceased. These are clearly subjects for the cognizance of courts of general jurisdiction; but the succession is administered by persons, who act for others and not for themselves, or for others with themselves, as in the case of beneficiary heirs.

These persons are amenable to the court from whence they derive their power; and in that tribunal all matters, which relate to those for whom they act, are most properly cogniza-

ble by creditors and minor heirs. If sued in any other court, they may righfully claim to be sent before that, which is more effectually competent both in relation to their situation, and to the matters which concern the administration, and the interest of those for whom they administer. Should a court, not regularly competent, retain cognizance of a cause, and render judgment, as in the present case, it is necessary to enquire what effect such a judgment would produce. Does it import such nullity as can in no way be covered? In other words is it so radically and absolutely void, as to be incapable of producing any effect, or is it affected only by relative nullity.

If, as we have assumed, it be true, that the district court wanted jurisdiction in the case in which the judgment was pronounced, and under which the property was sold by execution, and purchased by the appellant, only on account of the situation of the defendants, and peculiar circumstances of the matter in litigation, it may be fairly doubted whether it be affected by any species of nullity. But we are unanimously of opinion that the sale under it is not absolutely void, but only voidable.

The property of minor heirs, (to place the

case on a footing most favorable to the plain-
tiff,) was sold without legal or judicial formali-
ties. Such defect of title may be cured by
consent or acquiescence; and the purchaser
can on no legal ground withhold payment of
the price; nor does he shew any equity in his
petition, for he only prays to be relieved from
the pressure of an execution, without offering
to give up the property to the persons whom
he alleges to be the legal owners. It would
be unjust to suffer him to retain the property
and price; should he be hereafter pursued by
the heirs for the recovery of the former, they
ought in justice and equity to succeed, only on
condition of refunding the latter, on its being
shewn that it was appropriated to the payment
of their ancestor's debts. See *Toulier, p.* 668
& 669, *and* 2 *Biret, Traité des Nulletés, p.* 376.

According to this view of the case, the first
and second propositions, used in defence by
the appellant, are demonstrated to be untrue,
and the third and fourth, being only corollaries
of the two former, must partake of their fate.

It is therefore ordered, adjudged and de_
cred, that the judgment of the district court be
affirmed with costs.

East'n District.
*June* 1825.

TABOR
*vs.*
JOHNSTON&AL.

Tabor
*vs.*
Johnston&al.

*Woodruf* for the plaintiff, *Watts and Lobdeh* for the defendants.